IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Ronald D. Leonard,                    :

            Plaintiff,        :    Case No. 2:09-cv-950

     v.                       :    JUDGE ALGENON L. MARBLEY
                                     Magistrate Judge Kemp
State of Ohio, et al.,        :

            Defendants.       :


REPORT AND RECOMMENDATION

     Plaintiff, Ronald D. Leonard, a state prisoner confined at
the Chillicothe Correctional Institution, filed this action under
42 U.S.C. §1983 against the State of Ohio, the Ohio Department of
Rehabilitation and Correction - Department of Medical Services,
and three individual defendants, Dr. Obregon, "Nurse Gary," and
nurse Tim Gardner.  He subsequently amended his complaint by
dismissing the claims against "Nurse Gary," whom he identified as
nurse Gary Canterbury, and substituting as a defendant nurse
Raymond Kimes.  In his complaint, Mr. Leonard claimed that when
Dr. Obregon examined him on August 3, 2009, he exhibited
deliberate indifference to Mr. Leonard's serious medical needs by
refusing to refer him to an orthopedic specialist for treatment
of a back injury.  He also claims that the institution's
practitioner nurses were unable to treat his back injury
effectively and were also deliberately indifferent to his serious
medical needs.

     On December 29, 2010, all defendants moved for judgment on
the pleadings.  Initially, Mr. Leonard did not respond to the
motion.  After being warned that his failure to respond might
result in the dismissal of his case for failure to prosecute, Mr.
Leonard filed an opposing memorandum on May 5, 2011.  The

defendants filed a reply memorandum on May 11, 2011, and the matter is ready to decide.  For the following reasons, it will be recommended that the motion be granted in part and denied in part.

I.

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such a motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973).

The new pleading standards articulated in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) apply with equal force to motions for judgment on the pleadings.  See, e.g., Schwab v. Smalls, 2011 WL 3156530 (2d Cir. July 27, 2011).  Those cases make clear that in order to survive such a motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic, , 550 U.S. at 570.  Further, the Court must disregard statements of legal conclusions and look only to the well-pleaded facts of the complaint in order to determine its legal sufficiency.  It is with these standards in mind that the motion for judgment on the pleadings must be decided.

II.

In their motion, defendants raise three arguments.  First, the individual defendants assert that each of them has been sued in his official capacity, and that such claims, as well as damage claims against the Department of Rehabilitation and Correction,

-2-

are barred by the Eleventh Amendment to the United States Constitution.  Second, they argue that Dr. Obregon cannot be held liable for any unconstitutional conduct attributed to the other two defendants because, as a supervisor, he is not responsible for the acts of his agents, at least with respect to claims brought under §1983.  Third, they argue that the complaint does not allege a proper Eighth Amendment claim because it does not contain enough factual allegations concerning whether any of the defendants deliberately disregarded a known risk to Mr. Leonard's health.  They note that the complaint does not allege that any of the defendants were actually aware that he had a back injury or were either aware of or, or recklessly indifferent to, the possibility that their failure to refer him to an orthopedic specialist might cause him to suffer further injury.

In response, Mr. Leonard argues, first, that in his amended complaint, he specifically averred that all defendants were being sued in their official and individual capacities.  Second, he argues, based upon facts not contained in his complaint, that he was expelled from the first medical examination even though prior medical documents from Riverside Methodist Hospital showed that he had a lower back condition, and that Dr. Obregon refused even to give him a cane to help him walk back to his dormitory.  Lastly, he asserts that defendant Kimes purported to be a doctor and examined and treated him under false pretenses, and that this type of misconduct is both illegal and constitutes deliberate indifference.  In reply, defendants deny that the amended complaint makes any allegations concerning the capacities in which they have been sued, and they reassert their argument that the complaint is too short on details to state a viable Eighth Amendment claim.

### III.

The Eleventh Amendment to the United States Constitution

-3-

bars suits against either a state or agencies of a state by citizens of that state.  Edelman v. Jordan, 415 U.S. 651 (1974). Under certain circumstances, a suit against an individual state official may nonetheless be deemed to be a suit against the state and therefore barred by the Eleventh Amendment.  The primary test for determining whether the state is the real party in interest in a suit is whether the source of any funds from which a damage award would be paid would be the state treasury.  Edelman, supra. Additionally, if an individual is alleged to have only vicarious liability as a result of his official position, any damage award made (if one were permissible) would necessarily be against the office rather than the officeholder and therefore be an award against the state.  See Ford Motor Co. v. Department of the Treasury, 323 U.S. 459 (1945); see also Hall v. Medical College of Ohio, 742 F.2d 299 (6th Cir. 1984), cert. denied 469 U.S. 1113 (1985).  When a suit is barred by the Eleventh Amendment, the Court lacks jurisdiction over it and it must be dismissed without prejudice.  Cf. Gwinn Area Comm. Schools v. State of Michigan, 741 F.2d 840, 846-47 (6th Cir. 1984).

The defendants are clearly correct that to the extent Mr. Leonard has asserted a claim against either the State of Ohio, the Ohio Department of Rehabilitation and Correction, or some arm of that a latter entity, such as its Medical Services Department, any such claim is barred by the 11th amendment.  The State of Ohio and its agencies may not be sued in federal court for monetary damages, and Mr. Leonard has presented no contrary argument in his opposing memorandum.  Therefore, the entity defendants are entitled to dismissal.

The question of whether Mr. Leonard's claims against the three individual defendants are also barred by Eleventh Amendment immunity is much closer.  In his original complaint, Mr. Leonard states that the acts, omissions, and misconduct about which he

-4-

complains were performed by the defendants in their official capacities.  Although he claims to have clarified this allegation in his amended complaint, the amended complaint on file with the Court, which consists of a single page with no caption, makes no mention of the capacity in which the new defendant or any of the prior defendants were sued.  On the other hand, Mr. Leonard makes it clear in his initial complaint that he seeks an award of monetary damages against all defendants.

The reference to the defendants having acted in their official capacities, which appears twice on the first page of the complaint, is somewhat troubling.  However, there is some conceptual difference between asserting that a state defendant acted in that capacity, which might be construed simply as an allegation that the defendant acted under color of state law and clothed with the authority of his or her office, and stating specifically that the defendant is being sued only in his or her individual capacity.  Cf. Hafer v. Melo, 502 U.S. 21 (1991).  Moreover, when a complaint is either silent or ambiguous about the capacity in which a defendant has been said, the Court is required to use a "course of proceedings" test to determine whether the claims are barred by 11th amendment immunity.  See Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir.2001) (en banc).  As another magistrate judge of this court noted in Nellum v. Harris, 2009 WL 5218055, *3 (S.D. Ohio December 31, 2009), this test looks beyond the complaint itself to the nature of the claim, whether compensatory or punitive damages have been requested, and even to documents such as a response to a case-dispositive motion.  Using that test, and taking Mr. Leonard's response to the motion for judgment on the pleadings into account, the court cannot conclude that he intended to sue any of the individual defendants solely in their official capacities.  As a result, they are not entitled to judgment on the pleadings

-5-

on that ground.

IV.

Dr, Obregon also raises an issue about whether the complaint alleges that he is responsible, legally, for actions of the institution's nurses which he did not directly participate in. Defendants are correct, of course, that 42 U.S.C. §1983 requires that, in order for any defendant to be liable for damages, the defendant have personally participated in the allegedly unconstitutional conduct.  Monell v. Department of Social Services, 436 U.S. 658 (1978); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  The Court does not read the complaint as alleging that Dr. Obregon is responsible for anything more than his own actions, which allegedly consist of failing to treat Mr. Leonard's back condition properly on August 3, 2009.  Therefore, this argument is moot and need not be addressed further.

V.

The last, and most significant, issue raised by the motion for judgment on the pleadings is whether the complaint sets forth enough facts - as opposed to conclusory statements of legal matters - to state a claim under §1983.  In order to decide this question, it is necessary to review the complaint in some detail in order to do what the Supreme Court has directed the lower courts to do when evaluating a complaint - which is to set aside "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and focus on the "well-pleaded factual allegations."  Ashcroft v. Iqbal, 129 S.Ct. at 1950.  As to the factual allegations, the Court is required to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id  If they do not, the complaint either must be amended to satisfy these pleading requirements or it must be dismissed.

As it relates to Dr. Obregon, the facts which Mr. Leonard

-6-

has alleged are these.  As noted, he claims that he saw Dr.
Obregon on August 3, 2009, for treatment of his back.  He alleges
that Dr. Obregon failed "to acknowledge [his] pathology," which
he described as an injury to the lumbar spine, and failed to
refer Mr. Leonard to a qualified medical practitioner, such as a
board-certified orthopedic specialist.  Although not in the
complaint, Mr. Leonard claims, in his memorandum opposing the
motion for judgment on the pleadings (to which he swore under
penalty of perjury) that he was suffering from severe and
excruciating pain on that date due to a prior condition, spinal
stenosis, and that Dr. Obregon, after only a brief examination,
speculated that the pain could be of psychological origin, and
refused to prescribe any treatment at all, including giving Mr.
Leonard a cane to walk back to his dormitory.  When Mr. Leonard
insisted on more treatment, Dr. Obregon threatened him with
disciplinary action.

    These facts, if true, state a claim for deliberate
indifference to a serious medical need under the prevailing
Eighth Amendment standard.  To establish an Eighth Amendment
violation, a prisoner must show that he or she has a serious
medical condition and that the defendants displayed a deliberate
indifference to his or her health.  Estelle v. Gamble, 429 U.S.
97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991).  This
formulation has both a subjective and an objective component.
Objectively, the medical condition at issue must be "serious" as
opposed to "trivial," "minor," or "insubstantial."  Subjectively,
the defendants accused of violating the Eighth Amendment must
have acted with a state of mind that can accurately be described
as "deliberate indifference."  As to the subjective element, in
Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted
"subjective recklessness as used in the criminal law" as the
appropriate definition for deliberate indifference. It held that

"a prison official cannot be held liable under the Eighth
Amendment for denying an inmate humane conditions of confinement
unless the official knows of and disregards an excessive risk to
inmate health or safety. . . ." Id. at 837.  Officials must be
aware of facts from which they could conclude that a substantial
risk exists and must actually draw that conclusion.  Id.  Prison
officials who know of a substantial risk to the health or safety
of an inmate are free from liability if "they responded
reasonably to the risk, even if the harm ultimately was not
averted." Id. at 844.

There is no dispute that back conditions which cause severe
pain can qualify as "serious medical needs" which fall within the
scope of the Eighth Amendment.  See, e.g., Jones v. Brunsman,
2010 WL 1133230 (S.D. Ohio March 19, 2010)(back and neck
conditions were serious medical needs); Wood v. Plummer, 2011 WL
2971874 (S.D. Ohio June 27, 2011), adopted and aff'd 2011 WL
2971082 (S.D. Ohio July 21, 2011)(pre-existing back and hip
problems were serious medical needs).  Although Mr. Leonard may
have been somewhat inconsistent in the precise description he has
given for his condition (either a herniated disc or spinal
stenosis), he has alleged that it was diagnosed by proper
techniques and that he was in severe pain when he saw Dr.
Obregon.  He also alleges he told Dr. Obregon about his
conditions but that rather than getting either a suitable
examination or any treatment, he was threatened with discipline
if he did not leave.  These are factual allegations which, if
true (and the Court must accept them at this stage in the case),
satisfy the plausibility standard set forth in Iqbal and Twombly.
Therefore, Dr. Obregon is not entitled to judgment on the
pleadings on this claim, and its ultimate disposition must await
further factual development.

The same cannot be said of the claim against the nurses.  As

-8-

the Court reads the complaint, the only specific allegation made against them is that one or the other purported to examine Mr. Leonard as if he were a physician.  This, says Mr. Leonard, is evidence of unconstitutional conduct all by itself.

That assertion is incorrect.  Even in the context of medical malpractice actions, care provided by someone who is not a licensed medical practitioner is not evaluated with reference to the scope of that person's legal ability to practice medicine, but by whether the person violated the standard of care owed to the patient.  See, e.g., Moreland v. Oak Creek OB/GYN, Inc., 2005 WL 994595 (Montgomery Co. App. April 29, 2005).  Performing medical services in contravention of state law, such as dispensing medication without a license, may be a state law claim of some sort, but it is not a federal constitutional claim, see Breakiron v. Neal, 166 F.Supp. 2d 1110 (N.D. Tex. 2001), and state law claims may not be asserted against state employees absent a finding by the Ohio Court of Claims that the employees acted manifestly outside the scope of their employment.  See Ohio Rev. Code §9.86; Griffin v. Kyle, 2011 WL 2885007 (S.D. Ohio July 15, 2011), citing Nuovo v. The Ohio State University, 726 F.Supp.2d 829 (S.D. Ohio 2010).  That determination has not been made here, so any state law claim against the nurse defendants for practicing medicine without a license is barred by the immunity conferred on state employees under §9.86.

VI.

For the foregoing reasons, it is recommended that defendants' motion for judgment on the pleadings (#21) be denied as it relates to the claims against defendant Dr. Obregon and granted as it relates to the claims against all other defendants.

VII.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file

and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                              /s/ Terence P. Kemp
                              United States Magistrate Judge