IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Ronald D. Leonard,                    :

          Plaintiff,          :    Case No. 2:09-cv-950

     v.                        :    JUDGE ALGENON L. MARBLEY
                                    Magistrate Judge Kemp
State of Ohio, et al.,         :

          Defendants.          :


OPINION AND ORDER

     This 42 U.S.C. §1983 action is before the Court to consider
the defendants' objection to a Report and Recommendation issued
by the Magistrate Judge recommending that defendants' motion for
judgment on the pleadings be granted in part and denied in part.
In particular, he Magistrate Judge has recommended that all of
the claims in the plaintiff's complaint, save one, be dismissed.
Neither party objects to the recommended dismissal of all the
other claims, but defendants argue that Plaintiff's claim for
deliberate indifference to a serious medical need, asserted
against defendant Dr. Obregon, should also be dismissed.
Plaintiff, of course, argues that the claim should survive.  For
the following reasons, the objection will be overruled, and the
motion for judgment on the pleadings will be granted in part and
denied in part.

I. Standard of Review

     When objections are received to a report and recommendation
on a dispositive matter, the District Judge "must determine de
novo any part of the Magistrate Judge's disposition that has been
properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the
District Judge "may accept, reject, or modify the recommended
disposition; receive further evidence; or return the matter to

the Magistrate Judge with instructions." Id.; see also 28 U.S.C.
§ 636(b)(1)(C).

## II.  Discussion

Plaintiff's claim relates to an alleged denial of medical
care at the Chillicothe Correctional Institution, where plaintiff
was an inmate.  He asserted in his complaint that the State of
Ohio, the Ohio Department of Rehabilitation and Correction, the
prison doctor, Dr. Obregon, and two nurses violated his Eighth
Amendment right to be free from deliberate indifference to his
serious medical needs.  See, e.g., Farmer v. Brennan, 511 U.S.
825, 839 (1994); Estelle v. Gamble, 429 U.S. 97 (1976).  All
defendants moved for judgment on the pleadings.  For reasons
relating to Eleventh Amendment immunity and lack of personal
involvement, the Magistrate Judge recommended dismissal of all
claims except a claim made against Dr. Obregon in his individual
capacity.  As noted above, no party has objected to that portion
of the recommendation concerning dismissal of these other claims,
so the Court will not discuss them further.

With respect to Dr. Obregon's motion for judgment on the
pleadings, the Report and Recommendation states the correct
standard for evaluating such a motion – that is, that it is
reviewed under the same standard as a motion to dismiss, see
Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.
1979) – and no party objects to the use of that standard.
Defendants' only objection is that the Report and Recommendation
looked not only to the complaint to determine whether Plaintiff
had stated a viable claim under the Eighth Amendment, but also
took his opposing memorandum and sworn declaration into account,
and that to do so was error.

The primary problem with the defendants' argument is that
they did not object to the Court's consideration of matters
outside the pleadings when they filed their reply memorandum.  In

-2-

fact, they cite to various portions of the opposing memorandum in their reply, and argued not that the Court should disregard that filing or the statements made in it, but that even if the statements made by Plaintiff in that memorandum were true, his claim for deliberate indifference was legally insufficient.  The Report and Recommendation simply responded to that argument and held, contrary to defendants' assertion, that those allegations did, indeed, suffice to carry Plaintiff beyond the pleadings stage because he had presented enough facts to make his claim plausible.

The Court clearly has the discretion to consider matters outside the pleadings if such matters are presented by either party in the context of a Rule 12(c) motion for judgment on the pleadings.  Rule 12(d) specifically contemplates that such proceedings might occur, stating that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  That rule does indicate that if such matters are considered, the parties must be given a chance to submit additional materials that would be relevant to a summary judgment motion, but the Court need not formally notify them of its intent to consider such materials if constructive notice is given by the proceedings themselves.  <u>See, e.g., Madewell v. Downs</u>, 68 F.3d 1030, 1048 (8th Cir. 1995).  Further, it is generally a sound use of the Court's discretion to consider matters outside the pleadings if they are "material to the issues before the Court."  <u>PHI, Inc. v. Office & Professional Employees Intern. Union</u>, 624 F.Supp.2d 548, 552 (W.D. La. 2007).

The Court may, if the defendant timely objects to its consideration of matters outside the pleadings when such matters

-3-

are submitted, choose to disregard those materials. <u>See, e.g.,</u> <u>Wilson v. Karnes</u>, 2007 WL 4207154 (S.D. Ohio November 26, 2007). However, that is not what occurred here. Defendants did not object to Plaintiff's sworn statement or ask the Court not to consider it. Rather, they directly responded to his statements on their merits, and did not contend that they were somehow prejudiced by this information's being taken into account. Given that procedural history, the Magistrate Judge did not err in considering Plaintiff's additional statements, and the Court will not now permit defendants to object to that having occurred. If defendants believe that this case cannot survive summary judgment, they can always ask for leave to file such a motion. <u>See, e.g. Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.</u>, 426 F.Supp.2d 68 (W.D.N.Y. 2005).

In their objection, defendants do not appear to have repeated their argument that, even if Plaintiff's sworn statement is taken into account, he has not stated a claim for deliberate indifference because, at most, this case involves a difference of opinion about the appropriate treatment for his back condition. The Court has nonetheless reviewed the Magistrate Judge's conclusions in that regard and is satisfied that the issue has bee ruled on correctly. As the Report and Recommendation notes (and, again, this portion of it is not the subject of any objection), back conditions can qualify as serious medical needs under Eighth Amendment jurisprudence. Further, Plaintiff's claim that "he told Dr. Obregon about his conditions but that rather than getting either a suitable examination or any treatment, he was threatened with discipline if he did not leave" is enough to state a plausible claim for deliberate indifference, and not simply a difference of opinion about what treatment was appropriate. Thus, even after a <u>de novo</u> review of this issue, the Court agrees that the defendants' motion should be denied as

-4-

it relates to the claim against Dr. Obregon.

                                    III.

     For the foregoing reasons, defendants' partial objection
(#31) to the Magistrate Judge's Report and Recommendation is
**OVERRULED** and the Report and Recommendation (#28) is **ADOPTED AND
AFFIRMED.**  Defendants' motion for judgment on the pleadings (#21)
is **DENIED** as it relates to the claims against defendant Dr.
Obregon and **GRANTED** as it relates to the claims against all other
defendants.

     **IT IS SO ORDERED.**


                                   ___s/Algenon L. Marbley_____
                                   Algenon L. Marbley
                                   United States District Judge

                                    –5–