IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald D. Leonard,

    Plaintiff,

    v.                                    Case No. 2:09-cv-950

                                          JUDGE ALGENON L. MARBLEY

State of Ohio, et al.,                   Magistrate Judge Kemp

    Defendants.

**OPINION AND ORDER**

        On December 28, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the motion for summary judgment filed by the remaining defendant, Dr. Obregon, be granted on Mr. Leonard's Eighth Amendment claim of deliberate indifference to his serious medical need relating to events which occurred on August 3, 2009.  Since that Report and Recommendation was issued, Mr. Leonard repeatedly has requested extensions of time for the filing of his objections.  The gist of these various extension requests is that Mr. Leonard seeks to delay the filing of his objections until some time after his release from prison on March 22, 2013.  As the Court understands Mr. Leonard's lengthy and detailed filings, the bases for his extension requests are his need for access to a library with open internet access which would allow him to research scientific information demonstrating the inferiority of CT scan technology as compared to MRI technology and his need to acquire copies of various MRI reports from 2003-2007 taken at different facilities around Ohio.

        On February 1, 2013, the Court granted Mr. Leonard a two-week extension of time, which had the effect of affording Mr. Leonard an approximate one-month extension.  Mr. Leonard filed an objection to that order again citing his need for his need for additional information and his inability to obtain it prior to his release from prison.  By order dated February 25, 2013, this objection was overruled and Mr. Leonard was directed to file his objection to the Report and Recommendation within fourteen days.  In overruling the objection, the Court noted that Mr. Leonard had not shown that this additional information would allow

him to demonstrate the Magistrate Judge erred in concluding that defendants were entitled to summary judgment on his Eighth Amendment claim of deliberate indifference to this serious medical condition.

On that same date, Mr. Leonard filed a motion for leave to supplement his objection regarding the denial of his request for an extension of time (Doc. #67). On March 14, 2013, Mr. Leonard filed a document (Doc. #68) captioned as:

> Plaintiffs Combined Notification of Denial by Lebanon Correctional Institution of Access to the Courts in Support of Motion for an Extension of Time Warranted by Plaintiff's Excuseable (sic) Neglect Causing Delay in Filing Timely OBJECTION to Magistrate Judge Report and Recommendation (Doc. #58); Plaintiff's Fed.R.Civ.P. 46 OBJECTION TO COURT ORDER (Doc. #66); and Motion for a TEMPORARY Restraing (sic) Order Fed.R.Civ.P.65(b)(1)(A), precluding the Enforcement of District Court Order (Doc. #66) until after the presentation by March 26, 2013, by Plaintiff of 2003, (2) 2005, 2007 MRI's and 2006 CT Scan with OBJECTION.

The focus of these documents continues to be Mr. Leonard's belief that he is in need of the additional information and cannot file his objections without it, requiring an extension of time until after his release from prison. In his most recent filing (Doc. #68), Mr. Leonard makes additional assertions in what appears to be an effort to explain the length of time it took him to respond to the order filed February 25, 2013 (#66). For example, he asserts that he did not timely receive a copy of the order overruling his objection (Doc. #66) because his receipt of legal mail was intentionally delayed in violation of his right of access to the courts. He also contends that he was denied access to the law library at his institution for several days at a time on two separate occasions.

Taking all of the above into account, the Court concludes the following. Despite the Court's denial of extensions of the length requested, Mr. Leonard persists in seeking an extension of time until after his release from prison. The lone basis for his lengthy extension requests is Mr. Leonard's alleged need for additional evidence - both medical and scientific - to refute the medical evidence relied upon by the Magistrate Judge in reaching that conclusion. Consequently, in making his repeated requests, Mr. Leonard has made it clear that, through his objections, he intends to challenge the Magistrate Judge's conclusion that he has not demonstrated a serious medical need in support of his Eighth Amendment claim. In light of this,

and noting both the age of this case and the length of time the motion for summary judgment has been pending as a result of Mr. Leonard's repeated extension requests, the Court will construe his numerous filings as setting forth his objections to the Report and Recommendation and will conduct a de novo review

I.

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

II.

Mr. Leonard does not challenge the factual background as set forth by the Magistrate Judge in the Report and Recommendation. Rather, Mr. Leonard's challenge appears to be directed to the need for additional factual information relating to his medical condition only. Consequently, the Court adopts the factual background of this case as set forth by the Magistrate Judge.

III.

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Wilson v. Seiter*, 501 U.S. 294 (1991). This formulation has both a subjective and an objective component. Objectively, the medical condition at issue must be "serious" as opposed to "trivial," "minor," or "insubstantial." Subjectively, the defendants accused of violating the Eighth Amendment must have acted with a state of mind that can accurately described as "deliberate indifference."

As to the subjective element, in *Farmer v. Brennan*, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ." *Id*. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844.

Because an Eighth Amendment medical claim must be premised on deliberate indifference, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994).

In moving for summary judgment, Dr. Obregon contended both that Mr. Leonard was not suffering from a serious medical condition and that he did not act with deliberate indifference when he evaluated Mr. Leonard on August 3, 2009.  In other words, Dr. Obregon addressed both the objective and subjective components of an Eighth Amendment claim in moving for summary judgment.  In his response, Mr. Leonard focused primarily on the objective element of his claim - the existence of a serious medical need, specifically a herniated disk.  The Magistrate Judge, applying the legal standard set forth above, addressed both components of the claim and concluded that Mr. Leonard had failed to raise a genuine issue of material fact as to either component.

In his current filings, construed as objections, Mr. Leonard continues to address only the objective element of his claim - that he was suffering from a herniated disk.  As discussed above, he disagrees with the Magistrate Judge's conclusion on this issue and wants to provide specific additional evidence to demonstrate that the Magistrate Judge erred.  Even if the Court were to allow Mr. Leonard to do so, he still would fail to demonstrate that the Magistrate Judge erred in

4

concluding that Dr. Obregon was entitled to summary judgment. Upon the Court's review, there is no evidence from which a trier of fact could conclude, even assuming that Mr. Leonard suffered with a herniated disk, that Dr. Obregon acted with deliberate indifference in evaluating Mr. Leonard on August 3, 2009. Stated another way, there is no evidence in the record which raises any genuine issue of material fact as to the subjective component of Mr. Leonard's Eighth Amendment claim.

The subjective component of an Eighth Amendment medical claim has been explained by the Sixth Circuit Court of Appeals as follows:

> The subjective component,[], requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

The limited evidence on the issue of Dr. Obregon's alleged deliberate indifference is as follows. In support of the motion for summary judgment, Dr. Obregon submitted Mr. Leonard's Interedisicplinary Progress Notes. Defendant's Exhibit E, Dr. Obregon's notes from August 3, 2009, state that Mr. Leonard "claims he has herniated disc will request records from Riverside, neuro work up at OSU in March 2009 - post traumatic brain syndrome P request record from Riverside, MH referral recommended by Neurology dept." Defendant's Exhibit F, the notes of Mr. Leonard's August 17, 2009 follow-up appointment at CCI, indicate he was prescribed ibuprofen for a lumbar sprain and given a cane. According to these notes, Mr. Leonard was not seen again until February 26, 2010.

In response, Mr. Leonard submitted a copy of his institutional complaint made following his appointment with Dr. Obregon on August 3, 2009. This complaint states verbatim:

> Complaint Regarding: Dr Obregon
>
> Dear Miss Ault,

5

> I writing you about a dispute that I've had with Dr. Obregon, regarding the medical attention, of which Dr. Obregon has failed to attend to properly. I asked the Doctor for a cane to walk with, as I have a herniated disk at L4-L5, and L5-S1. It's clear that the March 5/09 OSU medical report make mention of this, as well as the nurologist Dr. Liu and Dr. Lynn clinical findings, that I could not perform a tandem walk, and in paragraph (1) of page 2, it states that I have numbness in my left leg related to herniated disk problem. The Doctor is trying to suggest that the leg and back problems are associated with psychiatric problems which is [ridiculous] and he surely is not an expert with related brain problems. He simply lacks the expertise to diagnos by medical problems. I also ask to be transferred to HCI in Athens, Ohio/ Sincerely, Ronald Leonard.

In addressing the issue of Dr. Obregon's deliberate indifference, the Magistrate Judge stated as follows:

> ... Further, if Mr. Leonard were experiencing severe pain from a herniated disk on August 3, 2009, and Dr. Obregon had in fact denied him treatment on that date, two things seem probable. First, that specific fact would have formed the basis of his institutional complaint filed that same day as opposed to the more general allegations about a need for a cane and Dr. Obregon's lack of qualifications that complaint contained. Second, Mr. Leonard would have sought further treatment prior to August 17, 2009.
>
> Similarly, the evidence presented does not support Mr. Leonard's statement in his declaration, submitted in response to the motion for judgment on the pleadings, that Dr. Obregon refused to examine or treat him and instead threatened him with discipline if he did not leave. While this statement was found by the Court to be sufficient to allow Mr. Leonard's claim to withstand the motion for judgment on the pleadings, Mr. Leonard has failed to develop any facts supporting this allegation. As a result, with respect to this element of his claim, the record contains nothing beyond a conclusory assertion offered under the guise of a "declaration." As discussed above, this cannot serve to defeat a properly supported summary judgment motion.
>
> The institutional complaint Mr. Leonard filed following his appointment with Dr. Obregon makes no mention of such conduct by Dr. Obregon. Rather, this complaint only notes Dr. Obregon's denial of his request for a cane and challenges Dr. Obregon's medical qualifications. In light of this, even assuming Mr. Leonard had demonstrated the existence of a serious medical condition, he is unable to demonstrate Dr. Obregon's disregard of such a condition in violation of the Eighth Amendment.
>
> Without any evidence to support this allegation, Mr. Leonard has not demonstrated anything beyond his disagreement with Dr. Obregon's medical opinion. This is insufficient to raise a genuine issue of material fact with respect

6

to Mr. Leonard's claim of deliberate indifference to his serious medical needs. *See Estelle*, 469 U.S. at 107.  Consequently, it will be recommended that the motion for summary judgment be granted.

The Court agrees with the Magistrate Judge that Mr. Leonard has not demonstrated Dr. Obregon's deliberate indifference.  As noted by the Magistrate Judge, the evidence submitted by Mr. Leonard on this issue indicates nothing beyond a disagreement with Dr. Obregon's assessment on August 3, 2009.  Mr. Leonard's conclusory allegations of deliberate indifference are insufficient to withstand Dr. Obregon's motion for summary judgment.  Mr. Leonard has presented no evidence suggesting that Dr. Obregon either knew or should have known of a serious medical condition, regardless of whether Mr. Leonard could now, as he contends, demonstrate that one existed.  Further, Mr. Leonard has not shown that Dr. Obregon disregarded any risk to Mr. Leonard arising from a serious medical condition of which he was or should have been aware when he evaluated Mr. Leonard on August 3, 2009.  Absent any evidence of this kind, Mr. Leonard cannot succeed on his Eighth Amendment claim, even if he was able to demonstrate to the Court at this point that he suffered from a herniated disk on August 3, 2009.  Consequently, the Magistrate Judge did not err in concluding that Dr. Obregon was entitled to summary judgment and Mr. Leonard's filings, construed as objections, will be overruled.

IV.

For the reasons stated above, the filings construed as objections (#67 and #68) are **OVERRULED** and the Report and Recommendation is **AFFIRMED** and **ADOPTED** in its

entirety.  The motion for summary judgment (#41) is **GRANTED** and this case is **DISMISSED**. The Clerk shall enter judgment accordingly.  The motion for an order (#59) is **DENIED** as moot.

    **IT IS SO ORDERED.**


      s/Algenon L. Marbley
    **Algenon L. Marbley**
    **United States District Judge**